# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JONES,<br><br>　　　　Respondent. | Case No. 1:25-cv-00908-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>(ECF No. 4) |

Petitioner Frederick Jones is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus. Given that the instant amended petition is not cognizable in federal habeas corpus, the undersigned recommends that the amended petition be dismissed.

## I.

## BACKGROUND

On July 14, 2025, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the District of Columbia. (ECF No. 1.) Although the petition did not state any grounds for relief, it did request a court order under the doctrine of idem sonans[1] and a separate court order containing a three judge signature for name correction. (Id. at 6–7.[2]) On July 16, 2025, Petitioner filed an amended petition for name correction. (ECF No. 4.)

---

[1] Idem sonans is a "legal doctrine preventing a variant spelling of a name in a document from voiding the document if the misspelling is pronounced the same way as the true spelling." Idem Sonans, Black's Law Dictionary (12th ed. 2024).

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim is cognizable in habeas when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

Petitioner states that his "current legal name" is Frederick Jones, (ECF No. 4), while the California Department of Corrections and Rehabilitation's inmate directory lists Petitioner's name as Fredrick Jones. California Incarcerated Records and Information Search, https://ciris.mt.cdcr.ca.gov/search (search by "CDCR Number" for "P85158") (last visited July 28, 2025). Based on Petitioner's submissions in this matter, it appears Petitioner wishes to correct the spelling of his name. However, as Petitioner does not challenge his underlying criminal conviction or sentence or the fact or duration of his confinement in the instant petition, a petition for writ of habeas corpus is not the proper vehicle for Petitioner's claim and will not address the issue he seeks to remedy.[3]

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that that the petition for writ of habeas corpus be dismissed.

---

[3] The Court notes that pursuing an administrative remedy with the California Department of Corrections and Rehabilitation may address the issue of the spelling of Petitioner's name.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 18, 2025**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

3